UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HOGUE<br><br>                       Plaintiff,<br><br>     vs.<br><br>FREDERICK CHEVROLET CADILLAC HYNDAI INC.;<br>JONESTOWN BANK & TRUST CO.;<br>JOHN DOES 1-10<br>                Defendant. | Civil No.<br><br>Jury Trial of Eight (8) Jurors Demanded |

**COMPLAINT - CIVIL ACTION:**

**Jurisdiction and Venue**

1.    Jurisdiction arises under 15 U.S.C. §1691e(e) for claims under the Equal Credit Opportunity Act, 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiffs' state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**Parties**

3.    Plaintiff Michael Hogue is a natural person who resides at 661 Golden Eagle Way, Lancaster, PA 1760.

4.    Defendant, Frederick Chevrolet-Cadillac, Inc. d/b/a Fredrick Certified Pre-Owned of Hershey, PA, ("Dealer"), is a corporation licensed to do business in the Commonwealth of Pennsylvania, regularly conducting business in the Commonwealth of Pennsylvania and having a principal place of business located at 1280 E. Chocolate Ave, Hershey, PA 17033 at all times

relevant, acting alone or in concert with others, formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set-forth in this Complaint.

5. Defendant, Jonestown Bank and Trust Company (Creditor) is a corporation licensed to do business in the Commonwealth of Pennsylvania, regularly conducting business in the Commonwealth of Pennsylvania and having a principal place of business located at 2 West Market Street, Jonestown, PA 17033. At all times relevant, creditor engaged in, among other banking activities, the buying of auto loan paper originated by installment sellers like Dealer.

6. Defendant John Doe 1 is a natural person employed by Defendant Dealer as a salesperson for the dealership.

7. Defendants, John Does 2-10, is a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

**Factual Allegations**

8. At all times relevant hereto, defendants acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

9. On or around October 20, 2011, Plaintiff viewed a newspaper advertisement of a tent sale in which several vehicle dealers, including Dealer, would offer advertised cars for sale.

10. Plaintiff visited the defendants' tent sale location intending to trade in his 2006 Lincoln Zephyr for a pre-owned 2007 Chrysler 300 advertised by Dealer.

11. While at the dealership, plaintiff was shown by defendant the pre-owned 2007

2

Chrysler 300, bearing Vehicle Identification 2C3LA43R07H860079 (hereinafter "the Vehicle").

12. John Doe advised plaintiff they could not take plaintiff's Zephyr in trade as part of the Vehicle purchase.

13. John Doe promised plaintiff the Vehicle if plaintiff agreed to voluntary repossession of the Zephyr.

14. John Doe promised plaintiff the voluntary repossession would not adversely affect plaintiff's credit because the new car payment for the Vehicle would cancel out any negative credit effect of discontinuing payments for the Zehpyr.

15. On or about October 20, 2011, Plaintiff signed a retail installment contract ("RISC") for purchase of the Vehicle in the amount of $24,486.

16. On or about October 20, 2011, Dealer directed Plaintiff to a representative of Creditor to complete a financing agreement with Creditor specifying finance terms for payment of the RISC purchase price.

17. Plaintiff signed the financing agreement with Creditor to finance purchase of the Vehicle.

18. Plaintiff took possession of the Vehicle and left the defendant dealership.

19. Approximately three (3) days later, the Vehicle's transmission failed causing the Vehicle to be towed to Dealer for repair.

20. Dealer provided plaintiff with a loaner car for his use during the promised period of repair.

21. Weeks later plaintiff contacted Dealer and was informed that Dealer would not return the Vehicle because Creditor had denied plaintiff financing based on the voluntary repossession counseled by Dealer.

22. In the aforesaid phone conversation, Dealer advised plaintiff that it reported the loaner car given to plaintiff as stolen.

23. Plaintiff contacted the Creditor numerous times to understand why his financing was denied and was finally informed that Creditor had no record of plaintiff having applied for financing with Creditor for the Vehicle.

24. Plaintiff has been and will continue to be financially damaged due to defendants' actions in stealing the Vehicle from him including but not limited to damage to his credit and loss of his full time employment due to lack of transportation.

25. The established business practices described above and below were part of a systematic business practice called "spot delivery" or "yo-yo delivery" intended to secure for Defendants unearned dealer profits.

26. The established "spot delivery" or "yo-yo delivery" practices described above and below are unlawful, deceptive, misleading, and fraudulent.

27. The established "spot delivery" or "Yo-Yo delivery" practices described above and below commenced prior to the execution of any agreement, were designed and intended to induce the Plaintiff to enter into an agreement, and persisted after the apparent agreement was consummated.

28. During all times relevant the Defendants deceived the Plaintiff into believing Defendants' actions were lawful, and/or concealed their actions' unlawful nature.

29. At all times relevant, the Plaintiffs relied on Defendants' apparent and claimed experience, sophistication and expertise in selling and/or financing motor vehicles and allowed the Vehicle to be repossessed.

30. At all times relevant hereto, defendants acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

31. The defendants held managerial and/or supervisory control over all of their agents and all of the policies and procedures involved and/or at issue in this matter.

32. The defendants directly and personally participated in the development, adoption and/or execution of the policies and practices at issue herein.

**Causes of Action**

### COUNT I – Violation of ECOA
*(Plaintiff v. Defendants)*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint.

34. This Court has jurisdiction to decide claims brought under the Equal Credit Opportunity Act, 15 USC 1691, *et seq*, pursuant to 15 USC 1691e(f).

35. Plaintiff is an "applicant" as the term is defined in the ECOA, 15 USC §1691a(b).

36. Both Dealer and Creditor Defendants are a "creditor" as the term is defined in the ECOA, 15 USC §1691a(e).

37. Plaintiff completed a credit application and/or one was completed on their behalf and otherwise applied to Defendants for credit in connection with their purchase of the subject vehicle from Defendants.

38. Under the provisions of the ECOA, Defendants were required to give written notice of their decision on that credit application to Plaintiff within thirty (30) days of receipt.

39. In the event that such credit was approved, the provisions of ECOA permitted Defendants to provide that notice by means other than written communication, 15 USC §1691(d)(1) and (2).

40. Defendants informed Plaintiff by his execution of the RISC and financing agreement that he had been approved for credit in the transaction to purchase the Vehicle.

41. Defendants later informed Plaintiff by their repossession of the Vehicle that he did not qualify for credit to purchase the subject vehicle, and credit was denied, effectively terminating the transaction.

42. The revocation of credit and the vehicle repossession by Defendants constituted an "adverse action" as the phrase is defined in the ECOA, 15 USC §1691(d).

43. After taking adverse action on Plaintiff' credit application for the subject vehicle, Defendants were required to provide written notice of that adverse action within 30 days of taking that action, 15 USC §1692a.

44. Defendants failed or refused to provide that written notice to Plaintiff in violation of 15 USC §1692a.

45. Defendants, at all times, was required to maintain such records or other data relating to such loans as may be necessary to evidence compliance with ECOA or to enforce any action pursuant to the authority under the Act, 15 USC §1692b.

46. Upon information and belief, Defendants failed or refused to maintain records of that transaction which would fulfill the provisions of ECOA, in violation of 15 USC §1691b.

## **COUNT II – FRAUD**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint.

48. Prior to the execution of both sets of contracts, the Defendants' agents, including but not limited to, Defendant John Doe, and those identified on any sales documents for Vehicle who, expressly or impliedly made the following representations about the Vehicle and the transactions:

6

    a. Both defendants represented financing had been approved;

    b. Both defendants represented , respectively, that the purchase and financing were final and complete upon Plaintiff signing the RISC and financing agreement;

    c. Dealer represented financing of the Vehicle's purchase would not be affected by voluntary repossession of plaintiff's Zephyr;

    d. Defendants were transferring Title and registration lawfully;

    e. Dealer misrepresented its affirmative duty to disclose under Pa. Code §301.2(iv) that the Vehicle's transmission was damaged, defective or so deteriorated as to require replacement.

49. The misrepresentations and omissions identified in the immediately preceding paragraphs were known to Defendants to be false when made, were material in nature, and were made with the intent to deceive, defraud and/or induce the Plaintiff, and in fact, induced him to purchase the Vehicle at the price listed in the purchase agreement.

50. The Defendants knew that the Plaintiff had no special knowledge in the purchase, financing and condition of automobiles and would rely on their representations.

51. The Plaintiff relied on the Defendants' misrepresentations and was induced to sign the RISC and other documents related to which they apparently and ostensibly purchased and financed the aforementioned vehicle.

52. As a result of the aforementioned conduct, the Plaintiff suffered the damages outlined above and below, including but not limited to:

    a. Loss of full time employment;

    b. increased purchase costs;

    b. damaged credit rating and reputation;

    c. deprived of the use and enjoyment of the vehicle;

        d.      incurred cost of replacement vehicles;

        e.      spent time resolving problems created by Defendants' breach;

        f.      incurred other incidental and consequential damages, including emotional distress;

        g.      incurred increased interest and other expenses for financing the purchase of the vehicle.

53. The Defendants' actions as hereinbefore described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble and/or punitive damages.

## COUNT III - CONVERSION

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint.

55. The actions of Defendants in repossessing the car as above described constituted conversion of plaintiff's Vehicle.

56. Plaintiff was damaged by defendants' actions in the amount of the car's value.

57. Defendants' conduct was willful and intentional including its aforesaid representations to plaintiff that law enforcement was or was to be imminently involved in the car's repossession and the plaintiff would be subject to arrest.

## COUNT IV - VIOLATION OF THE UNIFORM COMMERCIAL CODE

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint.

59. The Plaintiff fulfilled all of their duties and obligation under the subject contract(s) and/or they were prevented from performing by the defendants' misconduct.

60. The Plaintiff did not default under the subject contract.

61. Where a consumer signs a RISC and the dealer cannot sell or assign the RISC there has been no consumer default.

8

62. Defendants never perfected their security interest in the subject vehicle(s).

63. By denying the binding nature of the RISCs and denying Plaintiff return of the vehicle, the defendants effectively "repossessed" the subject vehicle(s).

64. Because there had been no default, Defendants did not have any then present possessory interest or right in the vehicle when defendants induced the Plaintiff to sign additional RISCs.

65. Defendants violated 13 Pa.C.S.A. §§ 9601 et seq. and 69 P.S. § 623 when they took possession of the vehicle where there had been no default.

66. Defendants never provided any written notice to Plaintiff related to their taking possession of the subject vehicle in violation of 69 P.S. § 623.

67. Defendants never provided any written notice to Plaintiff related to their disposition of the subject vehicle in violation of 13 Pa.C.S.A. §§ 9611-9612 and 9614 and 69 P.S. § 623.

## COUNT V - EQUITY

68. Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

69. Plaintiff demands equitable relief in the form of defendants being ordered to cancel any debt owed to them by plaintiff and to take such steps as necessary to correct any delinquent reporting of the debt at issue.

## COUNT VI
## VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES
*Plaintiff v. Dealer and Creditor*

70. The allegations above are re-alleged and incorporated herein by reference.

71. The actions and omissions of defendants as hereinbefore and hereinafter described, including but not limited to defendants' enumerated acts in ¶47 herein, constitute

violations of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. sec. 201-1 *et. seq.* including but not limited to the violation of 73 P.S. § 201-2(4):

> (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
>
> (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> (ix) Advertising goods or services with intent not to sell them as advertised;
>
> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

### Pennsylvania Motor Vehicle Sales Finance Act

72. Defendant Dealer is licensed pursuant to 69 P.S. § 604.

73. Pursuant to 69 P.S. § 610 Defendant Dealer's license may be revoked if it has violated any provision of the MVSFA.

74. Pursuant to 69 P.S. §§ 610 and 612 Defendant Dealer must maintain satisfactory records to determine that the business is being operated in accordance with the MVSFA and may not falsify any records.

75. Defendants violated 69 P.S. §§ 610 and 613-615 by defrauding the Plaintiffs.

76. Defendants violated 69 P.S. §§ 610 and 613-615 by failing willfully to perform a written agreement with the Plaintiffs.

77. Defendants violated 69 P.S. § 610 by engaging in unfair, deceptive, fraudulent or illegal practices or conduct in connection with any business regulated under the MVSFA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Violations of ECOA and Reg B, under 15 U.S.C. § 169le(b):

    (1) Actual damages;

    (2) Punitive damages up to $10,000; and

    (3) Reasonable attorney fees and costs.

B. Actual damages, punitive damages and such other and further relief against Defendant as the Court deems proper for fraud and conversion of the Vehicle.

C. For the above-described violations of the UCC, actual and statutory damages pursuant to 13 Pa.C.S.A. § 9625 in the amount of the entire finance charge plus 10% of the price.

D. Actual and treble damages plus reasonable attorney fees and costs under UTPCPL;

E. Such other and further relief as the Court shall deem just and proper.

## TRIAL BY JURY

78. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>April 16, 2012</u>                          **WEISBERG LAW, P.C.**
                                                         BY: Matthew B. Weisberg
                                                         7 South Morton Ave.
                                                         Morton, PA 19070
                                                         (610) 690-0801
                                                         Fax (610) 690-0880
                                                         Attorney for Plaintiffs