IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYVANIA

| | | |
|---|---|---|
| MICHAEL HOGUE, | : | |
| Plaintiff | : | NO. 12-708 |
| | : | |
| v. | : | CIVIL ACTION LAW |
| | : | |
| FREDERICK CHEVROLET- | : | |
| CADILLAC, INC. and JONESTOWN | : | |
| BANK AND TRUST, | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT, FREDERICK CHEVROLET-CADILLAC, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, comes Defendant, Frederick Chevrolet-Cadillac (FCC), and moves this court pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure, and herewith files this Brief in Support of Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## I. PROCEDURAL HISTORY

1.   On April 16, 2012, Plaintiff filed the instant action alleging claims of violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* (ECOA); fraud; conversion; violation of the Uniform Commercial Code 13 PA C.S.A. § 1101, *et seq.* (UCC); equity; violation of the Pennsylvania Unfair Trade Practices Consumer Protection Law, 73 PA C.S.A. § 201-1, *et seq.* (UTPCPL); and the Pennsylvania Motor Vehicle Sales Finance Act, 69 P.S. § 604, *et seq.* (MVSFA), against Defendants, Jonestown Bank and Trust and FCC. (FCC). (Doc 1).

2.   On May 11, 2012, the undersigned waived the Service of the Summons on behalf of Defendants, JBT and FCC. (Doc 3).

3.   FCC is required to file an answer or motion under Rule 12 of the Federal Rules of Civil Procedure within 60 days, or on or before July 10, 2012.

4.   On July 10, 2012, JBT and FCC filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs 4 and 5, respectively).

5.   Pursuant to Local Rule 7.5, FCC's Brief in Support of Motion to Dismiss must be filed within 14 days of the filing of the Motion, on or before July 24, 2012.

## II. STATEMENT OF FACTS

See Defendants' Joint Statement of Material Facts, filed simultaneously herewith.

## III. QUESTIONS PRESENTED

A.  Whether Plaintiff failed to state a claim under the Equal Credit Opportunity Act against FCC upon which relief may be granted. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the ECOA.

**Suggested Answer – In the affirmative.**

B.  Whether Plaintiff failed to state a claim under the Fair Debt Collection Practices Act against FCC upon which relief may be granted. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the FDCPA.

**Suggested Answer – In the affirmative.**

C.  Whether Plaintiff failed to state a claim for fraud against FCC upon which relief may be granted and failed to plead specific statements made by FCC. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for fraud.

**Suggested Answer – In the affirmative.**

D.  Whether Plaintiff failed to state a claim for conversion against FCC upon which relief may be granted. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for Conversion.

**Suggested Answer – In the affirmative.**

E. Whether Plaintiff failed to state a claim under the Uniform Commercial Code against FCC upon which relief may be granted. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the UCC.

**Suggested Answer – In the affirmative.**

F. Whether Plaintiff failed to state a claim against FCC upon which relief may be granted.

**Suggested Answer – In the affirmative.**

G. Whether Plaintiff failed to state a claim under the Pennsylvania Unfair Trade Practices Consumer Protection Law against JBT upon which relief may be granted. In the alternative, whether there is no genuine issue of material fact to support a claim against UTPCPL.

**Suggested Answer – In the affirmative.**

H. Whether Plaintiff failed to state a claim under the Pennsylvania Motor Vehicle Sales Finance Act against FCC upon which relief may be granted. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the MVSFA.

**Suggested Answer – In the affirmative.**

## IV. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. F.R.C.P. 26. In deciding a motion to dismiss, the Court should consider the allegations in the complaint, and matters of public record. *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint. *See City of Pittsburg v. West Penn Power Co.,* 147 F.3d 256, 263 (3d. Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion School District*, 132 F.3d 902, 906 (3d Cir. 1997) The Court can and should reject "legal conclusions," unsupported conclusions," "unwarranted inferences," "unwarranted deductions," footless conclusions of law," and "sweeping legal

conclusions in the form of factual allegations." *See Morse supra at 902, n.8,* quoting, *Federal Practice and Procedure §1357 (2d. Ed. 1997);* see also, Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) (affirming dismissal of §1983 action and noting that "while the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.").

Further, the Third Circuit has recognized that the pleading requirements are heightened when evaluating the sufficiency of a complaint when presented with a 12(b)(6) motion. Plaintiffs must provide a basis on which they are entitled to relief. *See F.R.C.P. 8.* This obligation entails more than allegations that are mere conclusions of law or a "formulaic recitation of the elements of a cause of action." *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d. Cir. 2008), *citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007); *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d. Cir. 2009. Plaintiff has an obligation to provide a showing, rather than an assertion, of entitlement to relief. Thus, without some factual allegations in the complaint, a plaintiff cannot satisfy the requirement of providing a defendant with fair notice of the grounds upon which the claim rests; a complaint's factual allegations must be enough to raise a right to relief above the level of speculation. *Phillips at 231-232, citing Twombly* at 1965, n.3, 1966.

Accordingly, when presented with a motion to dismiss for failure to state a claim, the court is to conduct a two-part analysis. *Folwr, supra.* First, the factual and legal elements of a claim should be separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009).

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, "if, on a motion under Rule 12(b)(6)…and matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one of summary judgment under Rule 56." Therefore, this 12(b)(6) motion is also being presented as a Motion for Summary Judgment pursuant to Rule 56. Summary Judgment should be granted if the record, including pleadings, depositions, affidavits and answers to Interrogatories demonstrate "that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.[1]" F.R.C.P. 56(c). The "evidence of non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty, Inc.*, 477 U.S. 242, 255 (1986). In determining whether the dispute is genuine, the Court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249. Summary Judgment is appropriate only when it is determined that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-32 (1986).

At this stage, "all that is required [for the nonmoving party to survive the motion] is that sufficient evidence supporting the claims factual dispute be shown to require a jury or judge to resolve [at trial] the parties differing versions of the truth." *Jackson v. University of Pittsburgh*, 846 F.2d. 230, 233 (3d Cir. 1987) (quoting, *First National Bank of Arizona v. City Serve Company*, 391 U.S. 253, 288-89 (1986)).

---

[1] The documents attached to Defendants' Joint Statement of Material Facts are documents that would ordinarily be produced in Rule 26 disclosures.

## V. ARGUMENT

### A. Whether Plaintiff failed to state a claim under the Equal Credit Opportunity Act upon which relief may be granted against FCC. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the Equal Credit Opportunity Act.

Plaintiff failed to state a claim against FCC under the Equal Credit Opportunity Act upon which relief may be granted. To state a claim under the ECOA, the plaintiff must plead that a creditor either discriminated against any applicant with regard to a credit transaction, or violated Section 701 of the ECOA which sets forth the duties of a creditor, as defined by the ECOA, upon receipt of a credit application. 15 U.S.C. 1691(a). An applicant is defined as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit line." 15 U.S.C. 1691a(b). Plaintiff is an applicant. FCC is a creditor under the ECOA.

Plaintiff alleged that FCC failed to provide written or verbal notice of its decision to extend credit (approve credit). Plaintiff alleges that because he signed a Simple Interest Two Party Agreement (SITPA), attached to the Complaint, that he was "approved" for credit with FCC. This allegation is not supported by the SITPA. The Agreement is signed by Plaintiff as an offer to borrow a principal amount from the identified lender (JBT). However, the language directly above Plaintiff's signature states, "This offer and Agreement will become void if it is not accepted by the Lender within two business days of the date the Borrower (Plaintiff) signs, or the last Borrower signs if there is more than one Borrower." The SITPA was executed by Plaintiff of October 20, 2011, and it was never executed by JBT, Therefore, Plaintiff's credit was never "approved" by JBT. Plaintiff never had a loan with JBT related to the vehicle purchase.

Plaintiff purchased the vehicle from FCC on October 20, 2011 as set forth on the purchase agreement attached to the Complaint.[2]  There was no denial of credit by FCC.  Plaintiff had a loan with FCC based on the terms outlined in the SITPA, for which FCC was attempting to assign to JBT.

Plaintiff alleged that his vehicle was "repossessed by Defendants."  Repossession constitutes an "adverse action" as defined by the ECOA.  An "adverse action" is defined as a "denial or revocation of credit, a change in terms of existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested."   15 U.S.C. 1691(d)(6).  FCC did not repossess Plaintiff's vehicle.   Plaintiff failed to retrieve the vehicle from FCC's Lebanon, Pennsylvania location after completion of service in early November 2011.

Moreover, Plaintiff alleges that after FCC took adverse action on his credit application, it was required to provide written notice of the adverse action within 30 days of taking that action, and failed to do so under 15 U.S.C. §1692a and 15 U.S.C. §1692b, respectively.   These are citations to the Fair Debt Collections Practice Act and not applicable to Plaintiff's alleged EOCA claim.  Therefore, it is unknown to FCC what allegations under the ECOA or FDCPA Plaintiff is alleging against FCC in order to prepare a defense and respond to his alleged claims.

Additionally, paragraph 11 of the Complaint references action by "defendant," but fails to identify which defendant in the case to allow FCC to present a defense or respond to his alleged claim.[3]  Likewise, paragraph 23 of the Complaint references "Doe advised plaintiff **they** could not take plaintiff's Zephyr in trade as part of the Vehicle purchase" Paragraph 37 references the following action "credit application and/or one was completed on **their** behalf and

---

[2] No representative of JBT was present at the sales event on October 20, 2011.
[3] This statement is different from the majority of blanket assertions against both Defendants.

otherwise applied to Defendants for credit in connection with **their** purchase of the subject vehicle from Defendants." It is unknown who Plaintiff is referring in Paragraphs 23 and 37 in order to present a defense or respond to his alleged claim.

These deficiencies create a significant burden upon FCC to determine what claim(s), if any, are plead against it to support a violation of the ECOA. Therefore, FCC requests that Count I- ECOA be dismissed for a failure to state a claim upon which relief may be granted.

In the alternative, assuming Plaintiff appropriately pled a cause of action under the ECOA, FCC is entitled to summary judgment as there is no genuine of material facts. The ECOA creates an obligation on the creditor to provide notice to an applicant of its decision on the application either verbally on in writing. 15 U.S.C. § 1691(d)(4).   Under the ECOA this decision may be provided by the creditor or a third-party.   On October 20, 2011, Plaintiff was informed by FCC that his credit was approved with FCC.   On October 24, 2011, JBT provided written notification to FCC that it was unwilling to accept the assignment of the loan without Plaintiff providing a co-signer.    On or about October 24, 2011, JBT's Decision was verbally relayed by Jeremy Crane, Used Car Director of FCC, to Plaintiff.

Despite Plaintiff's assertions that there was a change in credit terms or revocation of his credit by FCC, it is not supported by the records in this matter.   Based upon the Purchase Order Agreement and SITPA attached to the Complaint, it is clear that Plaintiff purchased the vehicle from FCC, and JBT never extended credit to Plaintiff.   The terms and conditions outlined on the SITPA remained, as to FCC, or and until FCC could assign the loan.   Therefore, based on the foregoing, there is no genuine issue of material fact, and Plaintiff's alleged claims under the ECOA should be dismissed and FCC complied with all aspects of the FCC.

**B. Whether Plaintiff failed to state a claim under the Fair Debt Collection Practices Act upon which relief may be granted against FCC.   In the alternative, whether there is no genuine issue of material facts to support a claim against FCC for violation of the Fair Debt Collection Practices Act.**

Plaintiff failed to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 upon which relief may be granted against FCC.   Plaintiff cites to 15 U.S.C. §1692a (definitions) and 1692b (guidelines for communication with a debtor) of the FDCPA, but fails to plead any facts that set forth the application of the FDCPA to the alleged set of facts, or facts that allege any violation under the FDCPA.   As a result, FCC is unable to prepare a defense or respond to the paragraphs of the Complaint that cite to the FDCPA (paragraphs 43, 44, and 45 contained with Count II-fraud).   Therefore, Plaintiff's claims under the FDCPA should be dismissed for failure to state a claim upon which relief may be granted.

In the alternative, there is no genuine issue of material facts to support a claim against FCC for any alleged violation of the Fair Debt Collection Practices Act.   While Plaintiff purchased a vehicle from FCC, he rescinded the purchase by informing FCC that he no longer wanted the vehicle and failing to retrieve the vehicle from FCC's Lebanon location after completion of service in early November 2011, despite repeated offers to Plaintiff that the vehicle was still at the Lebanon location if Plaintiff was interested in completing the transaction. The vehicle remains there today, even though Plaintiff failed to make any payments.   Upon notification by Plaintiff that he no longer wanted the vehicle FCC stopped all efforts to assign the loan and canceled the transaction.   FCC did not attempt to collect monies from Plaintiff because Plaintiff cancelled the transaction before the first payment was due in December 2011 and Plaintiff did not retrieve the vehicle.   Therefore, any alleged claims under the FDCPA against FCC should be dismissed for failure to state a claim upon which relief may be granted and/or there is no genuine issue of material facts to support a claim against FCC under the FDCPA.

**C. Whether Plaintiff failed to state a claim of common law fraud upon which relief may be granted against FCC.**

Plaintiff failed to state a claim of common law fraud upon which relief may be granted against FCC.   Rule 9(b) of the Federal Rules of Civil Procedure provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. . .." To prove fraud in Pennsylvania, a party must prove: "(1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) injury was proximately caused by the reliance. *Taylor v. Nelson,* 2006 WL 266052, (E.D of Pa. 2006) (unreported) *citing Giannone v. Ayne Inst.*, 290 F.Supp.2d 553, 556-67 (E.D. Pa. 2003).

First, paragraph 11 of the Complaint references action by "defendant," but fails to identify which defendant to allow FCC to present a defense or respond to paragraph 11. Likewise, paragraph 51 (under Fraud) references the following, "Plaintiff relied on the Defendants' misrepresentations and was induced to sign the RISC and other documents related to which **they** apparently and ostensibly purchased and financed the aforementioned vehicle."   It is unknown who Plaintiff is referring to paragraph 51, as such FCC is unable to present a defense or respond to his alleged claim.   These deficiencies create a significant burden upon FCC to determine what claim(s), if any, are plead against it to support a claim of common law fraud.

Further, within Count II, paragraph 48, Plaintiff refers to "Defendants' agents...who expressly or impliedly made the following representations about the Vehicle and the transactions . . ." It is unclear from paragraph 48 what actions, if any, are allegedly attributable to FCC. Moreover, within the same paragraph (48e), Plaintiff cites to "Pa.Code §301.2(iv)."   However, FCC is unable to ascertain what statute it is to have allegedly violated by this incomplete

citation.   Fraud is a common law cause of action, not statutory.    As a result, FCC is unable to prepare a defense or respond to paragraph 48e of the Complaint.    Plaintiff failed to plead with specificity or set forth any evidence to support his allegation of fraud against FCC.   Therefore, FCC requests that Count II - Fraud be dismissed for a failure to state a claim upon which relief may be granted.

Alternatively, there is no genuine issue of material facts.   Plaintiff alleges that because he signed the SITPA and the Purchase Order Agreement, that he was approved for credit with FCC.   That statement is undisputed.   The terms and conditions of the financing were not changed.  Based upon the terms of the SITPA, JBT did not approve assignment of the loan from FCC.  Plaintiff's voluntary repossession of another vehicle based on a statement by FCC is unsupported by the record.   Such a suggestion by FCC is absurd recognizing that a voluntary repossession would void any conditions of approval (of assignment) with a lender.   Plaintiff's vehicle was not "defective."  This is supported by the service assessment completed prior to the sale of the vehicle to Plaintiff.  Therefore, there is no genuine issue of material facts to support a claim of fraud against FCC.

**D. Whether Plaintiff failed to state a claim of Conversion upon which relief may be granted against FCC. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC of Conversion.**

Plaintiff failed to state a claim of conversion upon which relief may be granted against FCC.  Pennsylvania law defines conversion as, "the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Schultz v. Legg Mason Wood Walker, Inc.*, 865 F.Supp. 277, 284 (W.D. Pa. 1994) *citing Shonberger v. Oswell*, 530A.2d 112, 114 (Pa.Super. 1987) (citations omitted).

While Plaintiff purchased a vehicle from FCC, he rescinded the purchase by informing FCC that he no longer wanted the vehicle and failing to retrieve the vehicle from FCC's Lebanon location after completion of service in early November 2011, despite repeated offers to Plaintiff that the vehicle was still at the Lebanon location if Plaintiff was interested in completing the transaction. The vehicle remains there today, even though Plaintiff failed to make any payments. Plaintiff's vehicle was not repossessed by FCC. It is unclear the bases to support Plaintiff's conversion claim, thereby impeding FCC's ability to present a defense. Moreover, there is no genuine issue of material fact to support a conversion claim against FCC.

**E. Whether Plaintiff failed to state a claim under the Uniform Commercial Code upon which relief may be granted against FCC. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the Uniform Commercial Code.**

Plaintiff failed to state a claim under the Pennsylvania Uniform Commercial Code, 13 Pa.C.S.A. § 1101, et seq., upon which relief may be granted against FCC. Again, in paragraph 59, Plaintiff alleges, "The Plaintiff fulfilled all of **their** duties and obligations under the subject contract(s) and/or **they** were prevented from performing by the Defendants' misconduct. It is unknown to FCC who Plaintiff is referring to as "they." As a result, FCC is unable to formulate a proper response or defense to the allegation. Likewise, Plaintiff was not in default with FCC because he refused to retrieve the vehicle and indicated and the no longer wanted the vehicle. It can be argued Plaintiff was "technically" in default. However, FCC did not repossess Plaintiff's vehicle or deprive him of his rights to the vehicle. Plaintiff chose not to retrieve the vehicle from FCC's Lebanon location. Therefore, Count IV – UCC should be dismissed because Plaintiff fails to state a claim upon which relief may be granted and/or there is no genuine issue of material fact.

**F.  Whether Plaintiff failed to state a claim upon which relief may be granted, as equity is a form of relief, and not a cause of action.**

FCC incorporates set forth in the prior sub-sections of Argument.  Plaintiff failed to state a claim upon which relief may be granted.   Count V is not a cause of action.  It is a prayer for equitable relief.   Plaintiff's claim for equitable relief should be dismissed as to FCC because while Plaintiff purchased the vehicle from FCC and owed monies to FCC, Plaintiff rescinded the agreement to purchase by notifying FCC that he longer wanted to purchase the vehicle and he did not retrieve the vehicle from FCC's service are despite repeated notifications that the vehicle was at FCC's Lebanon location if he wanted to proceed with the transaction.   Since Plaintiff cancelled the transaction prior to the first payment being due in December 2011, the transaction was canceled, and Plaintiff owed no monies to FCC.  As such, FCC did not attempt to collect a debt, nor did FCC report any delinquencies to credit agencies despite Plaintiff being "technically" in default.   Moreover, Plaintiff failed to set forth any facts to set forth who reported delinquencies to credit bureaus related to Plaintiff, and the delinquencies reported. Therefore, Count V – Equity should be dismissed against FCC.

**G.  Whether Plaintiff failed to state a claim under the Pennsylvania Unfair Trade Practices Consumer Protection Law upon which relief may be granted against FCC. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the Pennsylvania Unfair Trade Practices Act.**

Plaintiff failed to state a claim under the Pennsylvania Unfair Trade Practices Consumer Protection Law, 73 P.S. §201-1, et seq., upon which relief may be granted against JBT.  JBT incorporates all sub-sections of the Argument.  Plaintiff merely states bald assertions in an attempt to support a UTPCPL claim against FCC, and attempts to piggyback other alleged claims to create a claim under the UTPCPL.   However, as set forth above and below, the other alleged causes of action fail to state a claim upon which relief may be granted and/or there are no

genuine issues material facts upon which may be granted to Plaintiff.   Accordingly, Count VI –

Violation of Pennsylvania Unfair Trade Practices should be dismissed because Plaintiff failed to

state a claim upon with relief may be granted, and there is no genuine issue of material facts.

**H.  Whether Plaintiff failed to state a claim under the Pennsylvania Motor Vehicle Sales Finance Act upon which relief may be granted against FCC. In the alternative, whether there is no genuine issue of material fact to support a claim against FCC for violation of the Pennsylvania Motor Vehicle Sales Finance Act.**

It is assumed that paragraphs 72 -77 of Plaintiff's claim which appear to be titled

Pennsylvania Motor Vehicle Sales Finance Act, 69 P.S. §601, et seq., are to be Count VII of the

Complaint.   It is undisputed that FCC is an "installment seller" or "seller" under the MVSFA.

FCC incorporates sub-sections of the Argument.   In summary, the provisions of the MVSFA

cited by Plaintiff are as follows:

69 P.S. §610, relates to the Department of Banking's ability to revoke or suspend a

license issued under the PMVSFA to an installment seller, sales finance company, or collector-

repossessor for violations enumerated in §610.   Plaintiff failed to identify what provisions of this

section FCC violated, thereby making it difficult for FCC to prepare a response or defense to the

allegation.   Moreover, Plaintiff is without authority to enforce this section of the MVSFA.

69 P.S. §613, relates to the requirements of an installment sales contract and separate

disclosures.   Plaintiff failed to identify what provisions of this section FCC violated, thereby

making it difficult for FCC to prepare a response or defense to the allegation.

69 P.S. §614, relates to the contents of the installments sales contract and disclosure

requirements.   Plaintiff failed to identify what provisions of this section FCC violated, thereby

making it difficult for FCC to prepare a response or defense to the allegation.

69 P.S. §615, relates to prohibited provisions of a contract.   Again, Plaintiff failed to

identify what provisions of this section FCC violated, thereby making it difficult for FCC to

prepare a response or defense to the allegation.   Therefore, Plaintiff fails to state a claim for which relief may be granted under the MVSFA against FCC, and there is no genuine issue as to material fact.

## VI.  CONCLUSION

All components of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted and/or dismissed because there is no genuine issue as to material fact.

Respectfully submitted, this the 24th day of July, 2011.

_s/Peggy M. Morcom, Esquire_
Peggy M. Morcom, Esquire
ID No.:  92463
REILLY, WOLFSON, SHEFFEY,
   SCHRUM & LUNDBERG, LLP
1601 Cornwall Road
Lebanon, PA 17042
717-273-3733
pmorcom@leblaw.com

## CERTIFICATE OF SERVICE

I, Peggy M. Morcom, Esquire, do hereby certify I served a copy of the foregoing document via ECF on the date set forth below, as follows:

Matthew B. Weisberg, Esquire
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070

_s/Peggy M. Morcom_____
Peggy M. Morcom, Esquire

17