IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYVANIA

| | |
|---|---|
| MICHAEL HOGUE,<br>　　　　Plaintiff | :<br>: NO. 12-708<br>: |
| v. | : CIVIL ACTION LAW<br>: |
| FREDERICK CHEVROLET-<br>CADILLAC, INC., and JONESTOWN<br>BANK AND TRUST,<br>　　　　Defendants. | :<br>:<br>:<br>: |

**PLAINTIFF'S ANSWER WITH AFFIRMATIVE DEFENSES TO
<u>DEFENDANTS' COUNTERCLAIMS</u>**

<u>COUNT I</u>

103.　Admitted in part, denied in part. Admitted that plaintiff was not employed full time as of October 18, 2011. It is denied that plaintiff's employment was completely terminated with Jack Treier Moving insofar as plaintiff continued to work for said employer on a per diem basis after being terminated as a full time salaried employee. In fact, plaintiff offered the foregoing details to the Frederick tent salesperson in answer to oral questions concerning his employment.

104.　Admitted in part, denied in part. Admitted that plaintiff presented at FCC on the mentioned date. Without benefit of the original document attached as an Exhibit, plaintiff must deny that his signature appears on the credit application. Notwithstanding the foregoing, plaintiff was asked to sign more than one document to obtain the car, but not offered the opportunity to read said documents.

105.　Denied. See plaintiff's response to p. 103 herein.

106.　Denied. See plaintiff's complaint to the contrary.

107.　Denied for the foregoing reasons.

108.　Denied. See plaintiff's complaint to the contrary.

109. Denied. Plaintiff is without sufficient information to know how or whether defendants determined plaintiff's creditworthiness not having received any written denial from either defendant concerning the credit request.

110. Denied. Plaintiff is without sufficient information to form a belief as to this averment. Strict proof is demanded.

111. Denied. Plaintiff is without sufficient information to form a belief as to this averment. Strict proof is demanded.

112. Denied. The applicable contract speaks for itself as to the terms stated therein.

113. Denied. The applicable contract speaks for itself as to the terms stated therein.

114. Admitted in part, denied in part. It is admitted plaintiff did not make a cash down payment. Plaintiff is without sufficient information to form a belief as to the balance of this averment and it is therefore denied. Strict proof is demanded.

115. Denied. See plaintiff's complaint to the contrary.

116. Admitted in part, denied in part. Admitted that plaintiff has previously purchased vehicles. Plaintiff is without sufficient information to form a belief as to the balance of this averment and it is therefore denied.

117. Admitted in part, denied in part. Admitted that plaintiff understood his obligations in the deal contracts he received regarding purchase of the subject vehicle. Plaintiff is without sufficient information to form a belief as to the balance of this averment as to defendant's application process and it is therefore denied.

118. Denied any misrepresentations were made other than by defendants.

119. Denied as a mixed question of fact and law. Plaintiff denies making any misrepresentations to defendants. The balance of this averment is denied as a conclusion of law to which no response is required.

120. Denied any misrepresentations were made other than by defendants.

121. Denied as a conclusion of law to which no response is required.

122. Admitted.

123. Denied as irrelevant.

124. Admitted. Plaintiff believed he was trading in the Zephyr to defendant Frederick.

125. Admitted.

126. Admitted.

127. Admitted in part, denied in part. It is admitted that plaintiff voluntarily repossessed the Zephyr. Denied. Plaintiff denies the balance of this averment. Strict proof if demanded.

128. Denied that plaintiff ever averred his employer went out of business.

129. Denied. The document speaks for itself.

130. Denied. The documents produced in this regard speak for themselves.

131. Denied. The documents produced in this regard speak for themselves.

132. Denied. The documents produced in this regard speak for themselves.

133. Admitted.

134. Denied. See plaintiff's complaint to the contrary.

135. Denied. See plaintiff's complaint to the contrary.

136. Denied. See plaintiff's complaint to the contrary.

137. Denied. See plaintiff's complaint to the contrary.

138. Admitted in part, denied in part. It is admitted that plaintiff was so contacted and declined the vehicle. It is denied that this was the second such contact from defendants rather than the first.

139. Denied. Indeed, defendants instructed plaintiff to default and allow voluntary repossession of the Zephyr.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied. Defendants' actions alone caused this lawsuit and any consequent fees and costs to defend it.

145. Denied.

WHEREFORE, Plaintiff demands judgment in her favor on all Counts of Defendants' counterclaim.

## COUNT II

146. Plaintiff incorporates all prior responses.

147. Denied as afore stated in response to the same averments in Count I.

148. Denied as afore stated in response to the same averments in Count I.

149. Denied as afore stated in response to the same averments in Count I.

150. Denied as afore stated in response to the same averments in Count I.

151. Denied as afore stated in response to the same averments in Count I.

WHEREFORE, Plaintiff demands judgment in her favor on all Counts of Defendants' counterclaim.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendants' counterclaims fail to state a claim against Plaintiff upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants' counterclaims fail to state a claim for declaratory relief against Plaintiff and, therefore, should be dismissed with prejudice.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's claims against Plaintiff under the RISC are equitably barred, in whole or in part, by the doctrines of estoppel and unclean hands insofar as plaintiff was induced to enter into the RISC by defendants' fraud and breach of federal and state law governing their actions as motor vehicle dealers as described in the complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Any harm and/or damages allegedly sustained by Defendants resulted from their own acts or omissions, or the intervening/superseding action of third parties, for whom plaintiff is not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Even if Defendants had a legal right to payments under the RISC (which they do not), their right of recovery is subject to offset by plaintiff's damages arising from defendants' fraud.

**SIXTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over Defendants'

counterclaims.

## SEVENTH AFFIRMATIVE DEFENSE

The RISC rendered void by fraud, Plaintiff breached no contractual, common-law or statutory obligations owed to Defendants and, therefore, Defendants' Counter-claims should be dismissed with prejudice.

## CROSS-CLAIM
### (Against All Defendants for Indemnity and Contribution)

1. If the Defendants sustained damages in the manner alleged, and if it is found that plaintiff is liable to said defendants, then Plaintiff is entitled to indemnification and/or contribution and judgment against all defendants for all or part of any judgment Defendants may recover against Plaintiff.

2. Plaintiff incorporates herein all allegations of his complaint against defendants.

Dated: February 15, 2013            /s/Matthew B. Weisberg
                                    WEISBERG LAW, P.C.

                                    Attorneys for Plaintiff

<u>Certificate of Service</u>

    I, <u>Matthew B. Weisberg</u>, counsel for Plaintiff, hereby certify that I filed the foregoing answer with affirmative defenses to defendants' counter claims electronically and that all parties have been served via ECF email.

Dated: February 15, 2013                              <u>/s/ Matthew B. Weisberg</u>