**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYVANIA**

MICHAEL HOGUE,                         :
           Plaintiff,                : NO. 12-708
                            :
           v.                   : CIVIL ACTION LAW
                            :
FREDERICK CHEVROLET-                   :
CADILLAC HYNDAI, INC. and              : JUDGE JONES
JONESTOWN BANK AND TRUST,              :
           Defendants.               :
                            :

## MOTION TO COMPEL

Now come Defendants, by and through their undersigned Counsel, and hereby move this Honorable Court pursuant to the Court's Order of March 25, 2013, and files the instant Motion to Compel, and in support thereof, state the following:

### A. Procedural History:

1.      On April 16, 2012, Plaintiff filed a Complaint alleging fraud, conversion, and violations under the Equal Credit Opportunity Act, the Uniform Commercial Code, Pennsylvania Unfair Trade Practices and the Pennsylvania Motor Vehicle Sales Finance Act. (Doc. 1).

2.      On July 10, 2012, Defendants filed timely Motions to Dismiss for Failure to State a Claim. (Docs. 4 and 5). Briefs in Support were filed on July 24, 2012. (Docs. 6 and 7).

3.     On July 27, 2012, Plaintiff filed an Amended Complaint. (Doc. 10).

4.     On August 16, 2012, Defendants filed Motions to Dismiss converted to Motions for Summary Judgment, and corresponding Briefs on August 30, 2012. (Docs. 15, 16 & 24, 25). The Court denied Defendants' Motions on January 7, 2013. (Doc. 38).

5.     On September 28, 2012, the Court entered an Order setting a fact discovery deadline of January 31, 2013, and a trial date of July, 2013. (Doc. 31). The Pretrial Conference is scheduled to occur on June 3, 2013, per the Court's Order of May 2, 2013. (Doc. 46).

6.     On January 28, 2013, Defendants filed an Answer to Amended Complaint with Affirmative Defenses and Counterclaim against Plaintiff. (Doc. 39).

7.     On February 15, 2013, Plaintiff filed an Answer with Affirmative Defenses to Defendants' Counterclaim (with an additional cross-claim against all Defendants). (Doc. 40).

8.     On March 11, 2013, Defendants filed an Answer to Cross-claim of Plaintiff. (Doc. 41).

**B. <u>Procedural History of Written Discovery:</u>**

9.     On July 17, 2012, Defendants served Interrogatories and Request for Production of Documents upon Plaintiff. Despite repeated requests, the Request for

Production of Documents remained unanswered, and Plaintiff's Answers to Interrogatories served on January 24, 2013 were incomplete and deficient.

10.    On March 19, 2013, the undersigned electronically filed correspondence with supporting documentation regarding Plaintiff's lack of response/cooperation and deficient responses to discovery. (Doc. 42). Plaintiff filed a response letter. (Doc. 44).

11.    On March 25, 2013, the Court ordered Plaintiff to serve all outstanding and incomplete discovery responses upon Defendants within 14 days (April 8, 2013). If Plaintiff failed to comply with the Order, Defendants were authorized to file a Motion to Compel. (Doc. 45).

12.    On March 27, 2013, counsel conferred via telephone regarding the outstanding discovery.

13.    On March 29, 2013, the undersigned corresponded with Plaintiff's counsel and set forth with specificity the deficiencies with Plaintiff's Interrogatory Responses. See Exhibit "A."

14.    On April 1, 2013, Plaintiff served Answers to Defendants' Request for Production of Documents. See Exhibit "B."

15.    On April 4, 2013, the undersigned corresponded with Plaintiff's counsel and set forth with specificity the deficiencies with Plaintiff's Answers to

3

Request for Production of Documents. See Exhibit "C." Counsel was also advised

that certain documents were illegible and requested hard copies.

16.    On April 8, 2013, Plaintiff sent Amended Answers to Request for

Production of Documents with an (unsigned) Verification to counsel via e-mail[1].

See Exhibit "D." On that same date, the undersigned contacted Attorney Cocco

and advised that certain documents were of poor quality and illegible, and to send a

hard copy. Attorney Cocco disagreed, but indicated Plaintiff would be instructed to

bring the documents to his deposition. The "Amended" Answers to Request for

Production of Documents were identical to the set served on April 1, 2013. See

Exhibit "D."

17.    On April 25, 2013, the undersigned again contacted counsel and

advised the answers to Interrogatories and Request for Production of Documents

remained deficient and certain identified documents were not attached, as set forth

in the answers. See Exhibit "E."

18.    On April 26, 2013, Plaintiff provided Supplemental Answers to

Interrogatories. However, the Answers to Interrogatories remained unverified. See

Exhibit "F."

19.    Recognizing Plaintiff's deposition was to occur on April 30, 2013, the

undersigned counsel believed the deficiencies may be cured at that time without

---

[1] Email correspondence was sent by Robert Cocco, Esquire to the undersigned. Attorney Cocco has not entered his appearance in this matter, nor is he a member of Weisberg Law, P.C.

the necessity of the Court's intervention, and she was advised by Attorney Cocco that Plaintiff would bring additional documents with him to the deposition. See Exhibit "D."

20.    Plaintiff presented for deposition on April 30, 2013, with four additional pages of documents, but the Request for Production of Documents remained incomplete. In particular, no documents were attached as to Request for Production of Documents Numbered 5, 6, 12, 16, 22, and 25[2].

21.    On May 3, 2013, the undersigned advised counsel of the continued deficiency and again requested compliance with the Court's Order. See Exhibit "G."

C. **Procedural History of Depositions:**

22.    Beginning October 1, 2012, Defendants attempted to schedule Plaintiff's deposition, without success. See Exhibit "H."

23.    On April 4, 2013, a Notice of Deposition was sent to Plaintiff's counsel for the deposition of Plaintiff to occur on April 22, 2013.  See Exhibit "I."

24.    On April 12, 2013, the undersigned rescheduled and noticed the depositions of Plaintiff, Celinet Pagan (mother of Plaintiff), and Cassandra Collazo

---

[2] While Plaintiff indicated in Response to Request for Production of Document No. 6, "None.", Plaintiff testified at his deposition that he was in possession of declination letters.

(girlfriend of Plaintiff) until April 30, 2013, due to a hearing scheduled by the

Department of Labor[3]. See Exhibit "J."

25.   On April 29, 2013, the undersigned, through her Legal Assistant,

confirmed the depositions of Plaintiff, Mrs. Pagan, and Ms. Collazo. See Exhibit

"K."

26.   On April 29, 2013, at 6:41 p.m., counsel for Plaintiff emailed the

undersigned and indicated Mrs. Pagan was unavailable on April 30, 2013 for

deposition due to her work schedule[4]. See Exhibit "L." The undersigned received

the email on the morning of April 30, 2013, after preparing for the deposition and

despite being previously confirmed by Plaintiff's counsel. See Exhibit "K."

27.   Plaintiff and Ms. Collazo presented for their depositions on April 30,

2013. However, Attorney Weisberg, counsel of record, did not present for the

depositions[5]. Attorney Baird advised that he was unavailable after 4:00 p.m. As a

result, the deposition of Ms. Collazo could not be taken, despite Notice and

confirmation of availability by Attorney Weisberg. Defendants attempted to

reschedule the deposition of Ms. Collazo, along with Mrs. Pagan and Louis Pagan

(step-father of Plaintiff) for May 7, 2013. See Exhibit "G."

---

[3] *Thomas v. County of Lebanon*, Appeal No. 13-09-F-2026.
[4] Counsel for Plaintiff also indicated that Mrs. Pagan and Ms. Collazo never received a subpoena to testify. However, counsel never advised that either of the fact witnesses required a subpoena. If informed that they would not appear without a subpoena, the undersigned would have subpoenaed them.
[5] Attorney Graham F. Baird, an associate with Weisberg Law, P.C., presented with Plaintiff. Mr. Baird's appearance was not entered in the matter, but he indicated he was admitted in the Middle District. Therefore, the undersigned proceeded with the deposition.

28.     Based on Plaintiff's testimony at his deposition on April 30, 2013,

additional discovery will need to be conducted by Defendants, including the

deposition of Louis Pagan.

29.     Defendants attempted in good faith to obtain Plaintiff's cooperation

with discovery, without success.

30.     It is believed that counsel for Plaintiff does not concur with this

Motion.

WHEREFORE, Defendants respectfully request that,

a) Plaintiff and Attorney Weisberg be compelled to provide complete

responses to Request for Production of Documents dated July 19, 2012;

b) Attorney Weisberg be available for the depositions of remaining fact

witnesses to be conducted on or before May 17, 2013; and

c) Defendants be permitted to move for sanctions for attorney's fees related

to attempts to obtain discovery responses from Plaintiff, including, but not limited

to, the filing of the discovery dispute letter and the Motion to Compel, and

preparation for the depositions of Mrs. Pagan and Ms. Collazo not conducted as

noticed and confirmed on April 30, 2013.

Additionally, Defendants request that the Case Management Order of September 28, 2012 be modified as a result of Plaintiff's conduct to allow Defendants to complete discovery on or before June 1, 2013 and to set forth a new deadline for the filing of dispositive motions.

Respectfully submitted,

**REILLY, WOLFSON, SHEFFEY, SCHRUM & LUNDBERG, LLP**

Date: <u>May 6, 2013</u>          By: <u>/s/         *Peggy M. Morcom, Esquire*</u>
                              Peggy M. Morcom, Esquire
                              1601 Cornwall Road
                              Lebanon, PA 17042
                              (717) 273-3733
                              pmocrom@rwssl.com
                              *Attorney for Defendants*

8

## CERTIFICATE OF SERVICE

I, Peggy M. Morcom, Esquire, do hereby certify I served a copy of the foregoing document via electronic filing on the date set forth below, as follows:

Matthew B. Weisberg, Esquire
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070


/s/        *Peggy M. Morcom, Esquire*

Date: May 6, 2013        Peggy M. Morcom, Esquire